Savage v. Collins.

| 49 | 167 |
| 68 | 523 |

STATE, DANIEL L. SAVAGE, PROSECUTOR, v. GEORGE L. COLLINS.

1. If, in the court for the trial of small causes, a party files a legal affidavit of the absence of a material witness out of the state, the justice may postpone the trial to a time not exceeding three months from the return day.

2. If, upon filing such affidavit, the justice adjourns to a time less than thirty day from the return day, a second adjournment cannot be legally granted the party, to a time exceeding thirty days from the return day, a further affidavit of the continued absence of the witness not being filed.

3. In this case, the justice proceeded with the trial and rendered judgment after he had lost jurisdiction of the cause.

On *certiorari*.

Argued at June Term, 1886, before Justices DIXON, KNAPP and PARKER.

For the prosecutor, *Barton B. Hutchinson*.

The opinion of the court was delivered by

PARKER, J.  On August 24th, 1885, George L. Collins commenced an action by warrant, in the court for the trial of small causes, against Daniel L. Savage.  Mr. Savage, when arrested, entered into recognizance to appear before the justice on the 5th day of September, 1885.  On the day last named, both parties appeared, and Collins applied for an adjournment. Upon his making and filing an affidavit of the absence from the state of a material witness, the trial of the cause was postponed to the 21st day of September.  On that day both parties again appeared before the justice, and Mr. Collins then applied for a further adjournment, alleging as a reason, the continued absence of the witness, but not making further affidavit of the fact.  Savage objected to the adjournment, but the justice granted the application, and again postponed the trial to the 13th day of October, a date more than thirty days

after the time of the first appearance of Savage before the justice, according to the condition of the recognizance.

In this cause it is not necessary to decide whether the adjournment to the 13th of October would have been legal, if Collins had made an additional affidavit of the continued absence of the witness. Upon filing the affidavit of the 5th of September, the justice had the power to postpone the trial of the cause to a day not exceeding three months, but the adjourned day having been fixed for the 21st of September, the justice had no power, on the strength of the original affidavit only, to further postpone the trial to a time more than thirty days from the day of the first appearance. There was no proof before the justice on the 21st day of September that the witness was then absent from the state, and without such proof, the further postponement, if granted, should have been to a day not exceeding thirty days from the time of the appearance mentioned in the recognizance. *Rev.*, *p.* 545, § 30.

On the 13th day of October, Savage again appeared before the justice, but Collins did not appear. By his appearance on the 13th of October, Savage did not waive his right to object to the adjournment to that day. If the justice had lost jurisdiction of the cause by an adjournment to a date more than thirty days after the first appearance of Savage he did not waive any of his rights.

On the 13th of October, Collins did not appear, and Savage, who was present, asked that the case be dismissed, but this was refused by the justice, and the trial was further postponed by him to the 27th day of October, on the alleged ground that Collins had informed him that he could not attend on the 13th of October, because he had been subpœnaed to attend on that day before the grand jury of Mercer county, as a witness.

On the 27th day of October, Savage did not appear, but Collins was present, and a trial was had, which resulted in a judgment against Savage.

It is clear that at the time of the trial and the rendering of the judgment, the justice had not jurisdiction of the cause.

The judgment is reversed, with costs.